802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Olin J. WALKER, Jr., Plaintiff-Appellant,
v.
The OHIO REAL ESTATE COMMISSION, Defendant-Appellee.
 No. 85-3350.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1986.
 
 Before MERRITT and GUY, Circuit Judges, and BALLANTINE, District Judge*.
 MERRITT, Circuit Judge.
 
 
 1
 This Sec. 1983 action alleges that plaintiff, a realtor, was deprived of liberty and property without due process when defendant revoked his real estate license, first in 1976, automatically without a hearing, for failure to provide defendant with the address of plaintiff's place of business, and then in 1978 for fraud against clients in connection with the operation of his real estate business.
 
 
 2
 Plaintiff in his complaint concedes that he has been convicted of grand theft and that the conviction is final:
 
 
 3
 16. The Commission subpoenaed many of plaintiff's clients to its Cleveland Ohio office and caused them to file complaints against plaintiff. Defendant itself conveyed the complaints to the Cuyahoga County Prosecutor's office which, on the basis of such complaints, indicted plaintiff on fourteen (14) counts of Grand Theft.
 
 
 4
 17. At the trial upon such charges, one Adam Tonti, at the time an employee of the Commission, in furtherance of said defendant's scheme to deprive plaintiff of his real estate broker's license and in order to cause him to be imprisoned, perjured himself. Said perjury was committed when Adam Tonti testified that plaintiff did not have a valid real estate broker's license when, in fact, that plaintiff had obtained a stay of the Commission's order of revocation and had been issued a new license for his new location of his business.
 
 
 5
 18. As a result of Adam Tonti's perjured testimony, plaintiff was prevented from presenting evidence at his trial that he did hold a valid broker's license. Since plaintiff could not show himself to be a licensed broker, he was greatly prejudiced in defending the charges of Grand Theft, upon which he had been indicted, and was convicted.
 
 
 6
 19. As plaintiff was foreclosed from presenting evidence that he was a licensed broker, he entered a plea of guilty to four additional counts of grand theft on each of which plaintiff was sentenced to a term of four (4) to ten (10) years at the Columbus Correctional Facility, Columbus, Ohio.
 
 
 7
 Although plaintiff claims that this criminal conviction was procured by perjury, it remains final and has not been set aside. The conviction is a sufficient basis alone under Ohio law for revocation of plaintiff's license, Ohio Revised Code Sec. 4735.18.
 
 
 8
 The plaintiff's due process claim procedurally attacks the fact finding process of the real estate commission in finding fraud, but in the criminal case an Ohio court of general jurisdiction found the same basic facts applying more rigorous criminal standards. No collateral attack has been made on the criminal conviction. Thus, so long as the facts found in the criminal case stand, the plaintiff's due process attack on the commission's fact finding process is pointless and the license revocation is fully justified. The fact findings in the criminal case fully support the fraud finding by the commission and collaterally estop plaintiff from attacking the fact of fraud as found by the commission in its administrative process. See Gray v. Commissioner of Internal Revenue, 708 F.2d 243 (6th Cir.1983). Since the plaintiff may not attack the ultimate finding of fraud on which the revocation is based, he may not recover for technical defects, if any, in the administrative process.
 
 
 9
 The automatic revocation in 1976 for plaintiff's failure to advise of an address change of his business was clearly temporary and subject to modification upon furnishing a correct address. In such a situation, the due process clause does not require a pretermination hearing so long as a reasonable, quick corrective process is available. Plaintiff here has neither alleged nor shown that such a corrective process is unavailable under Ohio procedure. In fact plaintiff asserts that the license was renewed in 1976 shortly after it was automatically revoked.
 
 
 10
 Accordingly, the judgment of the District Court is affirmed.